UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOZEF R. LONT,

               Plaintiff,

               **MEMORANDUM & ORDER**

      v.               12-CV-4960 (MKB)

P.O. CARLOS ROBERTS, Shield # 7105, P.O. SGT.
FAISON, P.O. ANNE MARIE GUERRA, and
HIGHWAY PATROL P.O. VELEZ, Shield # 16816,

               Defendants.

---------------------------------------------------------------X

MARGO K. BRODIE, United States District Judge:

On October 1, 2012, Plaintiff Jozef R. Lont filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 against the City of New York, Police Officer Carlos Roberts, Sergeant Faison, Police Officer Anne Marie Guerra and Highway Patrol Officer Velez,[1] claiming false arrest, malicious prosecution and use of excessive force. The individually named officers were allegedly involved in the underlying action which led to Plaintiff's 2009 conviction in Kings County Criminal Court. Plaintiff also seeks evidence from a non-federal entity pursuant to the Freedom of Information Act. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order. As discussed more fully below, Plaintiff's § 1983 claims are time barred and duplicative of his prior federal action pending before this Court. In addition, the Freedom of Information Act does not apply to municipal or state agencies. The Complaint is therefore dismissed.

---

[1] Plaintiff previously filed another action arising out of the same events. *See Lont v. City of New York, et al.*, No. 10 Civ. 4528. As identified in the prior pending action, Sergeant Faison is Sergeant Winston Faison and Highway Patrol Officer Velez is Police Officer Enrique Aviles. *Id.*

## I.    Background

Plaintiff was arrested on October 7, 2007, for driving while intoxicated after failing two field breath analyzer tests.  (Compl. at 4; *see also* Kings County Certificate of Disposition Number 271330 annexed to Compl. ("Cert. of Disposition")).  On April 24, 2009, Plaintiff was convicted in Kings County Criminal Court of aggravated driving while intoxicated per se, driving while intoxicated and disobeying traffic laws.  (Cert of Disposition.)  On June 12, 2009, Plaintiff received a conditional discharge, his driver's license was revoked, and he was fined $1500.  (*See id.*)

Plaintiff claims that he was falsely arrested for driving while intoxicated and that he was maliciously prosecuted as a result.  (Compl. at 1–2.)  Specifically, Plaintiff alleges that Police Officer Aviles falsified the breathalyzer test that led to his arrest and subsequent conviction and that all four named police officers "submitted false evidence to the court, to convict [him]." (Compl. at 1–2.)  Plaintiff also claims that he was subjected to excessive force during his arrest. (Compl. at 2, 5.)  Plaintiff alleges that during his arrest, Police Officer Carlos Roberts caused damage to his wrists by "putting the handcuffs 'too [*sic*] the bone'" and pushed him two times, "messing up [his] deltoid muscles" on his upper arms.  (Compl. at 5.)  Plaintiff seeks monetary damages for his false arrest, malicious prosecution and excessive force claims.  (Compl. at 5.) Pursuant to the Freedom of Information Act ("FOIA"), Plaintiff also seeks ten pieces of evidence, including video tapes, to prove his innocence.  (Compl. at 2–3.)

## II.    Discussion

### a.  Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally."). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

    **b. Statute of Limitations**

    As an initial matter, the Court notes that Plaintiff's § 1983 claims are time-barred. The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in New York State, the statute of limitations for actions brought pursuant to § 1983 is three years. *Owens v. Okure*, 488 U.S. 235, 249–51 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("The

statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."); *see also Fabal v. City of New York*, No. 09 Civ. 5605, 2011 WL 3652320, at * 2 (S.D.N.Y. Aug. 19, 2011) (holding that three years after the plaintiff's arrest, the § 1983 statute of limitations ran on any claims associated with the plaintiff's arrest, "including any claims of false arrest and excessive force"). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)); *see also Shomo*, 579 F.3d at 181 ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal quotation marks omitted)); *Rene v. Jablonski*, No. 08 Civ. 3968, 2009 WL 2524865, at *5 (E.D.N.Y. Aug. 17, 2009) ("[F]ederal law governs the question of when a Section 1983 claim accrues. Under federal law, 'the time of accrual [is] that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" (alteration in original) (citations omitted) (quoting *Covington v. City of N.Y.*, 171 F.3d 117, 121 (2d Cir. 1999))). The statute of limitations period may be extended if the claimant "is under a disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. 208. Equitable tolling is also allowed when the plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas*, 480 F.3d at 641–42 (internal quotation marks omitted); *see also Koch v. Christi's Intern, PLC*, 699 F.3d 141, 157 (2d Cir. 2012) (citing *Abbas*, 480 F.3d at 642).

Here, all of Plaintiff's § 1983 claims are time-barred. Plaintiff's false arrest claim accrued on October 7, 2007, the date he was arrested. *See Wallace v. Kato,* 549 U.S. 384, 397

(2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Crichlow v. Butchen*, No. 09 Civ. 4398, 2009 WL 4266711, at *3–4 (E.D.N.Y. Nov. 20, 2009) ("The statute of limitations for a § 1983 civil rights action in New York is three years, and accrues for a false arrest claim at the time of arrest." (citations omitted)); *see also Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (finding that the plaintiff's § 1983 false arrest claim accrued on the date of his arrest, as that "was the time at which plaintiff knew of his injury arising from the alleged[ly] . . . false arrest"). Plaintiff's excessive force claim also accrued on October 7, 2007.[2] *Jennings v. Municipality of Suffolk County*, No. 11 Civ. 00911, 2013 WL 587892, at *4 (E.D.N.Y. Feb. 13, 2013) ("In the context of an excessive force claim, the clock starts running 'when the use of force occurred.'" (quoting *Fairley v. Collins*, No. 09 Civ. 6894, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011))); *Williams v. City of New York*, No. 06 Civ. 6601, 2009 WL 3254465, at *4 (E.D.N.Y. Oct. 9, 2009) ("Plaintiff's excessive force claim accrued on [the date] when the alleged use of excessive force occurred."). Over five years have elapsed between the date of the incident and the filing of the Complaint. Plaintiff has not asserted any impediment to bringing his § 1983 claims within the limitations period, and, therefore, his § 1983 claims are time barred.

---

[2] Plaintiff also asserts a claim for malicious prosecution. "A claim for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Jefferson v. Kelly*, No. 06 Civ. 6616, 2008 WL 1840767, at *4 (E.D.N.Y. Apr. 22, 2008) (quoting *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)). Here, the criminal proceedings never terminated in Plaintiff's favor, and therefore Plaintiff is unable to sustain a malicious prosecution claim. *See Crichlow v. Butchen*, No. 09 Civ. 4398, 2009 WL 4266711, at *4 (E.D.N.Y. Nov. 20, 2009).

### c.  Plaintiff's § 1983 Claims

Plaintiff's § 1983 claims arise out of his 2009 conviction in Kings County Criminal Court.  Plaintiff claims that he was falsely arrested on October 7, 2007 by Defendants Roberts, Faison, Aviles and Guerra, and that he was maliciously prosecuted as a result of his October 7, 2007 arrest.  (Compl. 1–2.)  Plaintiff asserts that Defendants Roberts, Faison, Aviles and Guerra submitted false evidence to the Court to convict him.  (Compl. 1–2.)  Plaintiff further claims that Defendant Roberts used excessive force during his arrest.  (*Id*. at 1–4.)  These claims duplicate Plaintiff's claims currently pending before this Court.  *See Lont v. City of New York, et al.*, No. 10 Civ. 4528.  In his prior pending action, Plaintiff claimed that he was falsely arrested on October 7, 2007, by Defendants Roberts, Faison, Aviles and Guerra and that he was maliciously prosecuted as a result of his arrest.[3]  Complaint at 1–2, *Lont v. City of New York, et al.*, No. 10 Civ. 5528.  Plaintiff alleged in his prior pending action that Defendants submitted false evidence to the Court to convict him and Defendant Roberts used excessive force during his arrest.  *Id.* Plaintiff asserted false arrest, malicious prosecution and excessive force claims.  *Id.*  Here, Plaintiff also appears to assert claims for false arrest, malicious prosecution and excessive force. (Compl. 1–2, 5.)

"[A] plaintiff[] [has] no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  *DiGennaro v. Whitehair*, 467 F. App'x 42, 43 (2d Cir. 2012) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000)); *see also Andy Stroud, Inc. v. Brown*, No. 08 Civ. 8246, 2009 WL 539863, at *10 (S.D.N.Y. Mar. 4, 2009) (explaining that the purpose of the prior pending action doctrine is to "avoid duplicative

---

[3] In his prior pending action, Plaintiff sued a "Lady Cop" who was eventually identified as Defendant Guerra.  *See Lont v. City of New York, et al*., No. 10 Civ. 5528.

litigation between the *same parties* addressing the *same issues*").  Thus, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *New Phone Co. v. City of New York*, 498 F.3d 127, 129 (2d Cir. 2007); *see also Employers Ins. of Wasau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008) ("As a general rule, '[w]here there are two competing lawsuits, the first suit should have priority.'" (citing *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989))).  This power "also applies to claims within a lawsuit that also are included in prior lawsuits."  *Vega v. Rell*, No. 09 Civ. 737, 2011 WL 2471295, at *12 (D. Conn. June 21, 2011) (citing *Ziemba v. Clark*, 167 F. App'x 831, 832 (2d Cir. 2006)).  "One of the tests to determine whether a suit is duplicative of a prior-filed suit is whether 'the same or connected transactions are at issue and the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit.'"  *Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*, 686 F. Supp. 2d 221, 224 (E.D.N.Y. 2010) (quoting *Curtis*, 226 F.3d at 139).

Plaintiff's § 1983 claims are duplicative of those asserted in his prior action, and, thus, the Court dismisses those claims without prejudice to his prior pending action.[4]  *See Purisima v. Bo Xilai*, No. 11 Civ. 5523, 2011 WL 6329831, at *2 (E.D.N.Y. Dec. 15, 2011) (dismissing plaintiff's claims as frivolous and duplicative of his previous actions pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Holliday v. City of Newington*, No. 03 Civ. 1824, 2004 WL 717160, at *2 (D. Conn. Mar. 19, 2004) (dismissing complaint under the prior pending action doctrine pursuant to 28 U.S.C. § 1915(e)(2)(B)).

---

[4] Plaintiff's false arrest and malicious prosecution claims were dismissed in the prior proceeding but his excessive force claim is pending.  *See Lont v. City of New York, et al.*, No. 10 Civ. 4528.

### d. **Plaintiff's FOIA Claims**

Plaintiff's FOIA requests must also be dismissed. FOIA created a judicially enforceable public right of access to information collected by executive branch agencies, subject to specified limitations. Federal court jurisdiction "is dependent upon a showing that an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (citing 5 U.S.C. § 552(a)(4)(B)); *see also Roman v. C.I.A.*, No. 11 Civ. 5944, 2013 WL 210224, at *3 (E.D.N.Y. Jan. 18, 2013) (holding jurisdiction under FOIA "is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records" (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989))). In this case, Plaintiff does not allege that any federal agency improperly withheld the evidence he seeks. Moreover, "it is beyond question that FOIA applies only to federal and not to state agencies." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999); *see also Gianello v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 3829, 2011 WL 2436674, at * 1 (S.D.N.Y. June 16, 2011) ("The Freedom of Information Act . . . applies to the federal government only and not to municipal or state agencies."). Thus, this Court has no authority to grant Plaintiff the relief he seeks.[5]

---

[5] Plaintiff is advised that requests for information regarding city or state agencies must be made under New York's Freedom of Information Law ("FOIL"). "A person denied access to requested documents may appeal the denial to the 'head, chief executive or governing body' of the entity or agency in possession of the documents." *Blount v. Brown*, No. 10 Civ. 01548, 2010 WL 1945858, at * 2 (E.D.N.Y. May 11, 2010) (quoting N.Y. Pub. Off. Law § 89(4)(a)). Challenges to the denial of a FOIA request may then be commenced in New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules. N.Y. Pub. Off. Law § 89(4)(b); *see Blount*, 2010 WL 1945858, at *2 (citing *Schuloff v. Fields*, 950 F. Supp. 66, 67–68 (E.D.N.Y. 1997)).

**III.    Conclusion**

For the forgoing reasons, Plaintiff's § 1983 claims are dismissed as time barred and duplicative of his prior pending action, and Plaintiff's FOIA claims are dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:


_____s/ MKB_____
MARGO K. BRODIE
United States District Judge


Dated:   Brooklyn, New York
            April 26, 2013